HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOE ANN WEST, <br><br> Plaintiff, <br><br> v. <br><br> RICHARD SPENCER, Secretary of the Navy <br><br> Defendant. | CASE NO. C17-5510RBL <br><br> ORDER GRANTING MOTION TO DISMISS <br><br> [Dkt. #s 5, 15, 17, 18, and 19] |

THIS MATTER is before the Court on Defendant Spencer's Motion to Dismiss [Dkt. # 5]; Plaintiff West's "Second Motion to Continue Pretrial Conference" [Dkt. #15]; West's Motion to Add Kelly Bishop Affidavit [Dkt. #17]; West's "Motion to Produce Case's Docket for Case No 16-cv-5671RBL *Lindberg v Spencer*" [Dkt. # 18]; and West's Motion to Add West's Affidavit [Dkt. #19].

The Court reads the Motions to "add affidavits" as an effort to supply additional information in response to the Defendant's Motion to Dismiss. Because such a motion tests the only the plaintiff's allegations (the plausibility of her complaint), and not her evidence, affidavits

ORDER GRANTING MOTION TO DISMISS - 1

attesting to facts properly alleged are not necessary or particularly useful[1]. Nevertheless, the Court has read the documents, and West's Motions to file them [**Dkt. #s 17 and 19**] are **GRANTED**.

West's "Motion to Produce Case's Docket for Case No 16-cv-5671RBL *Lindberg v Spencer*" [**Dkt. # 18**] is nonsensical and is **DENIED**. West can access the public portions of Lindberg's case on line (as she repeatedly alleges); she claims she is Lindberg's friend, and it is apparent that each has some connection to Ceu Alves, who may be the author of most of the filings in this case[2]. The Court is not going to provide West the docket in what even she claims is an unrelated case.

**A. BACKROUND**

This is the ninth case (out of twelve) West has filed in the past two years[3], all facially relating to her employment at the Puget Sound Naval Shipyard in Bremerton, from which she was terminated in August 2016. Each makes the same basic allegations and accusations.

---

[1] Bishop's affidavit repeats almost verbatim West's *ad nauseam* complaints about an attorney named Alison McKay. But Spencer's Motion to Dismiss has nothing to do with McKay, and as the Court has repeatedly explained, the allegation that someone named Allison McKay practiced without a license is not, in and of itself, nearly enough to state a plausible claim against Spencer or the Navy. The fixation on this allegation is inexplicable and counterproductive.

[2] The Court notes that Kelly Bishop's affidavit appears to be written by the same person who authors West's filings, and it claims that Ceu Alves is her "representative." [Dkt. #16-1 at 5]

[3] The cases are:
  *West v. Mabus*, C16-5191RBL,
  *West v. Mabus*, C16-5204RBL,
  *West v. Stackley*, C17-5246RBL,
  *West v. Stackley*, C17-5273RBL,
  *West v. Stackley*, C17-5366RBL,
  *West v. Stackley*, C17-5367RBL,
  *West v. Stackley*, C17-5368RBL,
  *West v. Sessions*, C17-5426RBL, and this case,
  *West v. Spencer*, C17-5510RBL.

In each case, West repeats well-worn accusations about an attorney (Alison McKay) she claims was not licensed in Washington, though she fails to allege that anyone ever claimed McKay was so licensed, or that she engaged in any legal practice here that would require her to be so licensed. She fails to explain how that fact remotely—much less plausibly—supports any claim by West against Spencer or anyone else. West consistently accuses the Court and the U.S. Attorney of "failing to inform her" of McKay's status but fails to demonstrate when why or how the Court was to do so. West has in each case accused the Court and her opponents of all forms of conspiracy and impropriety, and has repeatedly sought recusal of both the Court and the U.S. Attorney. The first eight of Wests cases have been dismissed, either with or without prejudice, and her appeal in at least one of the cases was recently dismissed as frivolous. *See West v. Stackley*, C17-5246RBL, Dkt. # 56.

This case differs from the others in that West also describes a variety of sexual and other harassment that she claims to have endured at the shipyard. She is not clear on the timing, however, and one of the more graphic and detailed incidents apparently occurred in 2009. She also claims that she was sexually harassed "for years" before 2015.

But while she does identify at least some of the actors, she does not name any of them as parties; instead, she continues to sue only Spencer in his official capacity as Secretary of the Navy:

---

West has since filed three more cases, each similar to the rest:
    *West v. Spencer*, C18-6024RBL,
    *West v. Spencer*, C18-6025RBL, and
    *West v. Spencer*, C18-6026RBL.

Sean J. Stackley is the Secretary of the United States Navy. As an employer of the Federal Government, the defendant is empowered to prescribe regulations for the operation of the Department of the Navy and the conduct of its employees, and is subject to the anti-discrimination provisions of Title VII of the Civil Rights Act of 1964, as amended.

[Dkt. #1 at 20]. She makes no other allegations against him. As in prior cases, West broadly alleges discrimination on the basis of race, color, and mental disability, and retaliation for protected EEO activity. She asserts against Spencer claims under Title VII, the ADA, and the Rehabilitation Act.

The Secretary seeks dismissal for lack of subject matter jurisdiction [Fed. R. Civ. P. 12(b)(1)] and for failure to state a plausible claim [Fed. R. Civ. P. 12(b)(6)].

**B. DISCUSSION**

When considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) or 12(b)(6), the court construes the complaint in the light most favorable to the non-moving party. *See Livid Holdings Ltd. v. Salomon Smith Barney, Inc.*, 416 F.3d 940, 946 (9th Cir. 2005); *see also Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Generally, the court must accept as true all well-pleaded allegations of material fact and draw all reasonable inferences in favor of the plaintiff. *See Wyler Summit P'ship v. Turner Broad. Sys., Inc.,* 135 F.3d 658, 661 (9th Cir. 1998).

Spencer claims that West's ADA claim is fatally, facially flawed because she cannot assert it against a federal employer. West's substantive response does not address this argument directly but argues that she is required only to plausibly plead that Defendant was in fact her employer. She is mistaken about what is required at this stage, and Spencer is correct about her

ability to sue him under the ADA. The Motion to Dismiss West's **ADA** claim for lack of jurisdiction is **GRANTED** and that claim is **DISMISSED**.

Spencer similarly argues that the United States has not waived sovereign immunity for West's state law (Washington Law against Discrimination) claims against it. West does not address this argument, other than to argue that various district Court *pro se* forms list "civil rights" as one of the types of cases heard in this court. The Motion to Dismiss the **WLAD** claim is similarly **GRANTED** and that claim is **DISMISSED**.

Spencer also argues that West has failed to plausibly state a claim under Rule 12(b)(6).

Dismissal under Fed. R. Civ. P. 12(b)(6) may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A plaintiff's complaint must allege facts to state a claim for relief that is plausible on its face. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim has "facial plausibility" when the party seeking relief "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Although the court must accept as true the Complaint's well-pled facts, conclusory allegations of law and unwarranted inferences will not defeat an otherwise proper 12(b)(6) motion to dismiss. *Vazquez v. Los Angeles Cty.*, 487 F.3d 1246, 1249 (9th Cir. 2007); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and footnotes omitted). This requires a plaintiff to plead

"more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Iqbal*, 556 U.S. at 678 (citing *id.*).

Although *Iqbal* establishes the standard for deciding a Rule 12(b)(6) motion, Rule 12(c) is "functionally identical" to Rule 12(b)(6) and that "the same standard of review" applies to motions brought under either rule. *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 647 F.3d 1047 (9th Cir. 2011), *citing Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir.1989); *see also Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (applying *Iqbal* to a Rule 12(c) motion).

On a 12(b)(6) motion, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss & Liehe v. N. Cal. Collection Serv.*, 911 F.2d 242, 247 (9th Cir. 1990). However, where the facts are not in dispute, and the sole issue is whether there is liability as a matter of substantive law, the court may deny leave to amend. *Albrecht v. Lund*, 845 F.2d 193, 195–96 (9th Cir. 1988).

Leave to amend a complaint under Fed. R. Civ. P. 15(a) "shall be freely given when justice so requires." *Carvalho v. Equifax Info. Services, LLC*, 629 F.3d 876, 892 (9th Cir. 2010) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). This policy is "to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether to grant leave under Rule 15, courts consider five factors: "bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) (emphasis added). Among these factors, prejudice to the opposing party carries the greatest weight. *Eminence Capital,* 316 F.3d at 1052.

A proposed amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Gaskill v. Travelers Ins. Co.*, No. 11-cv-05847-RJB, 2012 WL 1605221, at *2 (W.D. Wash. May 8, 2012) (citing *Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir.1997)).

Spencer argues that West has failed to state a claim under the Equal Pay act because she has not plausibly alleged that she received less than a similarly situated employee of the opposite sex. West hints at such a claim, but neither her Complaint nor her Response address its substance. Spencer's Motion to Dismiss that claim is **GRANTED** and Wests "EPA" claim is **DISMISSED**.

Finally, Spencer claims that West's discrimination claims (based on race, sex and disability) date back a decade, and fail to specify which conduct is the result of discrimination; she states legal conclusions but does not describe any required nexus between the conduct alleged and the claims asserted.

The Court agrees that these claims, particularly against the named defendant, again fail to state a claim. It is not inconceivable that West could state a sexual or racial harassment or discrimination or retaliation claim based on some of the conduct alleged, though she has not named the actors as defendants, and has described some events that are clearly time barred.

Ordinarily, the Court would permit West to amend her complaint to remedy these defects, if she could. But this is not an ordinary case: it is one of a string of dozen repetitive, accusatory, facially frivolous cases. West has had ample opportunity to state a claim and she has failed, repeatedly. There is manifest prejudice to this defendant in having to defend serial cases in this manner. Furthermore, the Court cannot conclude that West is acting in good faith. In addition to

her prior frivolous filings, one presumably accidental case "citation" in her Response suggests bad faith:

- Element (iiii) Defendant's Agent change Ms. West's claims to "Inappropriate Conducts." See *Different Made-Up Case v. Hanrahan, 000 P.3d 100 (Colo. App. 2001).*

[Dkt. # 13 at 9] It is not clear what the text was meant to convey, but the citation is admittedly "made up." The Court will not permit West to amend this case to remedy the defects in it. Defendant Spencer's Motion to Dismiss [**Dkt. # 5**] is **GRANTED**, and the claims asserted in this case are **DISMISSED** with prejudice and without leave to amend.

West's Second (only) Motion to Continue the Pretrial Conference [**Dkt. #15**] is **DENIED** as moot. This matter is closed.

IT IS SO ORDERED.

Dated this 12th day of April, 2018.

_Ronald B. Leighton_
Ronald B. Leighton
United States District Judge